# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:19-cv-00063-MR-WCM

| | |
|---|---|
| HOLLY JEAN NOLAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| ROBERT WILKIE, SECRETARY ) | |
| FOR DEPARTMENT OF VETERAN ) | |
| AFFAIRS, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the *pro se* Plaintiff's Motion to Seal [Doc. 12].

The Plaintiff, who is a military veteran and a former employee of the Department of Veteran Affairs, originally filed this action on February 26, 2019. In her Complaint, the Plaintiff alleged that the Secretary for the Department of Veterans Affairs, the Governor of the State of New Hampshire, the Governor of the State of Vermont, United States Senators Bernie Sanders and Patrick Leahy, and others violated her constitutional rights under the First, Fifth, and Fourteenth Amendments. [Doc. 1]. On March 6, 2019, the Court dismissed her Complaint without prejudice for failing to state a claim. [Doc. 3]. The Plaintiff appealed [Doc. 5], and on

August 22, 2019, the Fourth Circuit Court of Appeals dismissed her appeal and remanded this case so that the Plaintiff could be afforded an opportunity to file an Amended Complaint. [Doc. 8]. Following the issue of the mandate [Doc. 10], this Court entered an Order giving the Plaintiff until November 12, 2019, to file an Amended Complaint correcting the deficiencies identified in the Court's previous Order. [Doc. 11].

On November 6, 2019, the Plaintiff filed the present motion. [Doc. 12]. Specifically, the Plaintiff moves the Court to seal the entirety of her civil case or otherwise limit public inspection of the case record. [Doc. 12]. For grounds, the Plaintiff states that she believes that "immediate, substantial, and irreparable harm will result to me if these records are not immediately sealed or made unavailable for public inspection." [Id. at 1]. She further states that "the information in this case could put [her] life in grave danger…." [Id.].

On November 12, 2019, the Plaintiff filed her Amended Complaint [Doc. 14], along with a number of supporting exhibits, all under seal.

When presented with a motion to seal, the law of this Circuit requires this Court to: "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) if the sealing motion is

granted, provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

The press and the public have, under both the First Amendment and the common law, a qualified right of access to judicial documents and records filed in civil and criminal proceedings. Doe v. Public Citizen, 749 F.3d 246, 265 (4th Cir. 2014). "The common-law presumptive right of access extends to all judicial documents and records, and the presumption can be rebutted only by showing that 'countervailing interests heavily outweigh the public interests in access.'" Id. at 265-66 (quoting in part Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988)). The First Amendment right of access "may be restricted only if closure is 'necessitated by a compelling government interest' and the denial of access is 'narrowly tailored to serve that interest.'" Id. at 266 (quoting in part In re Wash. Post Co., 807 F.2d 383, 390 (4th Cir. 1986)).

The Court finds that the Plaintiff has failed to demonstrate any interest compelling enough to overcome the presumptive right of public access to this civil action, under either the First Amendment or the common law. The Plaintiff's claims of "immediate, substantial, and irreparable harm" and "grave danger" are simply too speculative and conclusory to justify the extraordinary

relief requested. The Court cannot permit the sealing of an entire civil case "based on unsubstantiated or speculative claims of harm . . . ." <u>Public Citizen</u>, 749 F.3d at 270. The Plaintiff's request for a wholesale sealing of this action is therefore denied.

The Plaintiff's Amended Complaint was provisionally filed under seal pending a ruling on the Plaintiff's motion to seal the entire case. As that motion is denied, the Plaintiff's Amended Complaint and its supporting exhibits will be unsealed within seven (7) days of the entry of this Order. The Plaintiff may withdraw her Amended Complaint before that time.

If the Plaintiff wishes to file any future documents under seal, she must file a motion to seal setting forth: (1) a non-confidential description of the material sought to be sealed; (2) a statement indicating why sealing is necessary and why there are no alternatives to filing under seal; (3) unless permanent sealing is sought, a statement indicating how long the party seeks to have the material maintained under seal and how the matter is to be handled upon unsealing; and (4) supporting statutes, case law, or other authority. <u>See</u> LCvR 6.1(c).

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion to Seal [Doc. 12] is **DENIED**.

**IT IS FURTHER ORDERED** that the Plaintiff's Amended Complaint and accompanying exhibits [Doc. 14] shall be **UNSEALED** within seven (7) days of the entry of this Order.

**IT IS SO ORDERED.**

Signed: November 18, 2019

Martin Reidinger
United States District Judge