# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:19-cv-00063-MR-WCM

| | |
|---|---|
| **HOLLY JEAN NOLAN,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| ) | |
| **ROBERT WILKIE, Secretary for** ) | |
| **Department of Veteran Affairs,** ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's Amended Complaint [Doc. 14].

## I.  PROCEDURAL BACKGROUND

The Plaintiff, who is a military veteran, initiated this action on February 26, 2019. [Doc. 1]. In her original Complaint, the Plaintiff alleged that the Secretary for the Department of Veterans Affairs ("VA"), the Governor of the State of New Hampshire, the Governor of the State of Vermont, United States Senators Bernie Sanders and Patrick Leahy, and others violated her constitutional rights under the First, Fifth, and Fourteenth Amendments.

On review under 28 U.S.C. § 1915, the Court dismissed the Plaintiff's Complaint without prejudice, noting several deficiencies in her pleading. [Doc. 3]. The Plaintiff appealed, and on August 22, 2019, the Fourth Circuit Court of Appeals dismissed the Plaintiff's appeal and remanded the case so as to allow the Plaintiff an opportunity to file an amended complaint curing the noted deficiencies and stating a facially sufficient claim for relief. [Doc. 8]. On remand, this Court gave the Plaintiff fourteen (14) days to file an Amended Complaint. [Doc. 11]. The Court advised the Plaintiff that any amended pleading would be subject to review pursuant to 28 U.S.C. § 1915, and that if the Amended Complaint "fail[ed] to correct the deficiencies previously identified by the Court, this action will likely be dismissed with prejudice." [Id. at 2].

The Plaintiff filed her Amended Complaint on November 12, 2019, again asserting claims for violations of her rights under the First, Fifth, and Fourteenth Amendments to the United States Constitution but naming only the VA Secretary as a defendant.[1] [Doc. 14]. While the Complaint is rambling and at times difficult to discern, the Plaintiff's claims appear to be

---

[1] As the Plaintiff's Amended Complaint supersedes her original Complaint, all the claims asserted in the original Complaint against defendants other than Secretary Wilkie are hereby deemed waived. See Young v. City of Mt. Ranier, 238 F.3d 567, 573 (4th Cir. 2001).

centered around the following allegations. The Plaintiff alleges that she was honorably discharged from the United States Air Force in 1989 after being sterilized without her consent. [Doc. 14 at 6]. Sometime thereafter, the Plaintiff filed a whistleblower complaint against two private hospitals at which she was employed in New Hampshire for committing fraud against the government. The Plaintiff alleges that the VA was "part of this" and that "there were individuals who worked for the VA who acted against the government for the hospitals in New Hampshire." [Id. at 7]. The Plaintiff further contends that she was diagnosed with Post-Traumatic Stress Disorder (PTSD) by VA medical staff, but that this diagnosis was given to her only "to discredit everything [she] was saying" with respect to the whistleblower complaint. [Id.; see also id. at 8]. She further challenges her 100% disability rating, alleging that "by keeping me on public assistance they can keep me in line." [Id. at 7].

The Plaintiff withdrew her whistleblower action in 2012. Subsequent to the dismissal of her whistleblower action, the Plaintiff was terminated from two other jobs, including one at the VA Medical Center in Manchester, New Hampshire in June 2012. [Id. at 9]. The Plaintiff also alleges that from June 2013 through August 2014, she resided in VA-funded housing in Vermont but was "thrown out in the street and left for homeless" because she "would

not play the game of defrauding the government." [Id. at 10]. While residing in Vermont, the Plaintiff was re-hired by the VA but she alleges that she was terminated from that position in November 2016 after she filed a complaint with the EEOC. [Id. at 14].

The Plaintiff moved to North Carolina in 2017. She alleges that she continues to have difficulty finding employment. She further alleges that while she has "had some issues with the Asheville VA Medical Center," she has tried to resolve those issues and does not intend to bring any claims in this action related to her treatment at that facility. [Id. at 24].

For relief, the Plaintiff requests the following:

> I am asking the court to help me out with determining a monetary amount to ask for I have no idea. I am also asking for employment. In addition I am asking that I not be responsible for paying back food stamps in 2 states and unemployment in one state. I am asking that the Department of Veteran Affairs change my disability diagnosis to Depression and Anxiety vs PTSD and that I be free from them and that my files with them be sealed.

[Id. at 24-25].

## II. STANDARD OF REVIEW

Because the Plaintiff, who is proceeding *pro se*, seeks to proceed in forma pauperis, the Court must examine the pleadings to determine whether this Court has jurisdiction and to ensure that the action is not frivolous or

malicious and states a claim upon which relief can be granted. See 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); see also Michau v. Charleston County, S.C., 434 F.3d 725, 728 (4th Cir. 2006) (noting that § 1915(e) "governs IFP filings in addition to complaints filed by prisoners"). A complaint is deemed frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The Fourth Circuit has offered the following guidance to a court tasked with determining whether a complaint is frivolous under § 1915(e):

> The district court need not look beyond the complaint's allegations in making such a determination. It must, however, hold the *pro se* complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally. Trial courts, however, are granted broad discretion in determining whether a suit is frivolous or malicious.

White v. White, 886 F.2d 721, 722-23 (4th Cir. 1989). While the complaint must be construed liberally, the Court may "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless," including such claims that describe "fantastic or delusional scenarios." Neitzke, 490 U.S. at 327, 328.

Rule 8 of the Federal Rules of Civil Procedure provides that "[a] pleading states a claim for relief must contain (1) a short and plain statement

5

of the grounds for the court's jurisdiction ... [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1), (2). A complaint fails to state a claim where it offers merely "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007) (internal quotation marks omitted)).

### III. DISCUSSION

Upon careful consideration and review, the Court concludes that the Plaintiff's Amended Complaint must be dismissed. First, with respect to the Plaintiff's claims challenging her diagnosis of PTSD and the VA's subsequent disability determination, federal district courts lack the jurisdiction to review a VA benefits decision. The Veterans' Judicial Review Act of 1988, 38 U.S.C. § 511(a), provides the exclusive procedure by which a veteran can challenge such determinations. See Hutton v. U.S. Dep't of Veterans Affairs, No. 5:13-CV-417-FL, 2014 WL 2112673, at *2 (E.D.N.C. Apr. 4, 2014). Appeals of benefit decisions must be filed with the Board of Veterans' Appeals ("BVA"), and BVA decisions in turn may be reviewed by the Court of Appeals for Veterans Claims. Id. As such, this Court has no

6

jurisdiction to review the Plaintiff's claims with respect to her diagnosis or disability determination.

As for the Plaintiff's other claims, the Plaintiff has failed to state any cognizable cause of action against the VA.  The Plaintiff appears to claim that she was terminated from multiple jobs, both at the VA and in the private sector, and was subject to various other mistreatment, all in retaliation for her whistleblower activities.  The Plaintiff's allegations in this regard, however, fail to set out a plausible claim for retaliation by the Defendant.  Further, while the Plaintiff alleges that she was fired from her last VA job for filing an EEOC complaint, the Plaintiff offers nothing but conclusory assertions to support this claim.  For these reasons, the Court concludes that the Plaintiff has failed to state a claim upon which relief can be granted, and such claims are hereby dismissed.

When a Court determines upon a § 1915(e) review that a complaint is factually or legally baseless, the Court must dismiss the case.  See Neitzke, 490 U.S. at 328; White, 886 F.2d at 724.  It is the intent of Congress that such dismissals occur prior to service of the complaint on defendants. Cochran v. Morris, 73 F.3d 1310, 1315 (4th Cir. 1996).  As such, the Court will dismiss this civil action.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's claims challenging her diagnosis and disability determination by the VA are hereby **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. The other claims asserted in the Plaintiff's Amended Complaint are hereby **DISMISSED WITH PREJUDICE**.

The Clerk of Court is respectfully directed to close this civil case.

**IT IS SO ORDERED.**

Signed: December 5, 2019

Martin Reidinger
United States District Judge